OF

# THE STATE OF IOWA,

AT

## DES MOINES, OCTOBER TERM, A. D. 1890

IN THE FORTY-FOURTH YEAR OF THE STATE.

---

DON D. SPRAGUE, by GEO. D. SPRAGUE, His Next Friend, Appellee, v. S. & J. C. ATLEE, Appellants.

1. **Master and Servant:** JURY: CHALLENGE FOR CAUSE. A juror, who was a member of the regular panel, upon his examination as to challenge for cause, stated, that he had heard one of the parties to the cause make a statement in regard to the merits of the controversy, and had formed an opinion which would require evidence to remove, but that it would not prevent him from rendering a just verdict on the evidence. *Held*, that the action of the trial court in sustaining a challenge to such juror, made under subdivision 9, section 2772 of the Code, would not be regarded as erroneous, although such challenge might properly have been overruled.

(1)

2. ———: NEGLIGENCE OF COEMPLOYE: RATIFICATION: PERSONAL INJURY: CONTRIBUTORY NEGLIGENCE. A boy of thirteen years of age, employed in a sawmill for the work of removing sawed materials from a steam saw, was directed by the boss or foreman of the establishment to operate such saw, in the absence of the usual operator, without giving him instructions as to the proper manner of operating the same, nor of changing the gauge thereof, and such direction was subsequently ratified by the common employer. While so employed the boy received orders to saw a particular kind of material, which, if obeyed, would not have exposed him to the danger resulting in the injury received; but he refused to obey them. Subsequently he received different orders, which he obeyed; and afterwards, while engaged in changing the gauge of the saw, the boy, without fault on his part, received the injury therefrom upon which this action is based. *Held*, that, in view of the subsequent change of orders, and his obedience thereto, the boy was not guilty of contributory negligence on account of his disobedience of orders previously received, nor because other methods of changing the gauge, which were beyond his strength, were less dangerous than the one adopted.

3. ———: DEFECTIVE MACHINERY: EVIDENCE. In an action for damages for a personal injury sustained by an employe while operating a steam saw, which was shown to be less generally used than other machines of its kind, and the operation of each described to the jury, the testimony of an expert that the gauge of the machine used by the defendant is as safe as that of any other machines then in use is inadmissible.

4. ———: ———: ———. Testimony of the apparent intelligence of a minor, and of his apparent understanding of mill machinery, is not competent as proof of his capacity to operate such machinery. Moreover, where such minor has testified upon the trial the jury are as competent as others to judge of his intelligence.

5. ———: ———: ———. The exclusion by the court of competent testimony of a witness, the substance of which has previously been given by him in evidence, and permitted to remain in the record, is error without prejudice.

6. ———: ———: ———. Where the statement of the issues in a cause prepared by the court for the jury was submitted to the attorneys for defendant, and approved by them, the defendant cannot be heard to complain upon appeal that the portion of his defense set out in an amendment to the answer was not submitted to the jury.

7. ———: INSTRUCTIONS TO JURY. Great length in the instructions of the court to the jury, and the frequent use therein of terms calling the attention of the jury to the youth and inexperience of the plaintiff, will not constitute grounds for reversal upon appeal, where there is nothing to indicate in the record that the defendant was prejudiced thereby.

8.  ———— : NEGLIGENCE : DAMAGES.  A verdict for damages in the sum
of seventy-five hundred dollars for an injury resulting in the loss
of a hand to an employe in a sawmill, whose expectation of life is
about forty-six years, *held*, not excessive in view of the facts of
this case.

*Appeal from Superior Court of Keokuk, Lee County.*
HON. HENRY BANK, JR., Judge.

THURSDAY, OCTOBER 9, 1890.

ACTION to recover damages on account of a personal
injury received by plaintiff while in the service of
defendants.  There was a trial by jury, and a verdict
and judgment for plaintiff.  The defendants appeal.

*D. F. Miller, Sr.*, and *Casey & Stewart*, for appellants :  The rule in this state is that an opinion does not
disqualify if the juror believes he can render an impartial
verdict according to the evidence.  *State v. Hinkle*, 6
Iowa, 380 ; *State v. Munchrath*, 43 N. W. Rep. 213.
A boss or foreman, who has no authority over his men
except to direct them in their work is but a coemploye
and not a vice-principal ; and for the negligence of a
boss or foreman the master is not responsible.  *Peterson v. Coal & Mining Co.*, 50 Iowa, 673 ; *Houser v. Railway Co.*, 60 Iowa, 230 ; *Foley v. Railway Co.*, 64 Iowa,
656 ; and see *Murphy v. Smith*, 19 C. B. 361.  The
employer is not bound to employ the latest improvements in machinery.  He is only bound to see that the
machinery he does employ is reasonably safe and suitable ; and it is only ordinary care for which an employer
is responsible.  *Greenleaf v. Railway Co.*, 29 Iowa, 14 ;
*Hunt v. Railway Co.*, 26 Iowa, 364 ; *Burns v. Railway
Co.*, 69 Iowa, 451, 455 ; *Hickey v. Taafe*, 12 N. E. Rep.
( N. Y.) 286 ; *Allison Manuf. Co. v. McCormick*, 118 Pa.
St. 519 ; 4 Am. St. Rep. 613 ; *Delaware, etc., Works v.
Nuttall*, 13 Atl. Rep. 65.  It is sufficient if a minor
servant is informed of the danger in any way ; it is not
necessary that he be instructed by the master.  *Williams v. Churchill*, 137 Mass. 243 ; 50 Am. Rep. 304 ;
*Atlas Engine Works v. Randall*, 100 Ind. 273 ; 50 Am.

Rep. 798; *Fones v. Philips*, 39 Ark. 17; 43 Am. Rep. 265; *Ciriack v. Woolen Co.*, 146 Mass. 182; 4 Am. Rep. 307; *Hickey v. Taafe*, 12 N. E. Rep. (N. Y.) 286; *Way v. Railway Co.*, 40 Iowa, 343. Since *Coombs v. Cordage Co.*, 102 Mass., cited by appellee, the Massachusetts court has announced the contrary doctrine in *Ciriack v. Woolen Co.*, 146 Mass., and *Williams v. Churchill*, 137 Mass. If defects in the machinery used are known to the employe, or are discoverable by him in the exercise of ordinary care, and he remains in the employment without protest, and without inducement by promise that the defects shall be remedied, he will be presumed to have no objection to the defects, and cannot recover for injuries caused thereby. *Lemley v. Casewell*, 47 Iowa, 159; *Muldowney v. Railway Co.*, 39 Iowa, 615, and the authorities in the last-named case cited; *Kroy, Adm'x, v. Railway Co.*, 32 Iowa, 357. Appellee must be held to have assumed all the risks incidental to the employment. *Youll v. Railway Co.*, 66 Iowa, 346, 351; *Heath v. Whitebreast, etc., Co.*, 65 Iowa, 737, 740; *Moran v. Harris*, 63 Iowa, 390, 391; 2 Thompson on Neg. 977. If an employe is directed to do one character of work, and, of his own will and without any direction of his employer, engages in another kind of work, and while engaged in the other kind of work is injured, he cannot recover from the employer for such injury. *Grible v. Sioux City*, 38 Iowa, 390. In such action the burden of proof is on the plaintiff, to establish that he, himself, was not negligent. *Muldowney v. Railway Co.*, 39 Iowa, 615; *Benson v. C. R. of Iowa*, 42 Iowa, 192; *Baird v. Murford*, 29 Iowa, 531. Contributory negligence on the part of a minor will defeat his recovery for an injury precisely as in the case of an adult. *Atlas Engine Works v. Randall, supra; Brazil, etc., Co. v. Cain*, 98 Ind. 282; *Brown v. Maxwell*, 6 Hill, 592; *Chicago, etc., Ry. Co. v. Patchin*, 16 Ill. 202; *Masser v. Railway Co.*, 68 Iowa, 605; *Nagle v. Railway Co.*, 88 Penn. St. 35; 32 Am. Rep. 35. On the facts, plaintiff was certainly guilty of contributory negligence; and we claim that, as matter of law, he was guilty of

contributory negligence. *Sedgwick v. Railway Co.*, 76 Iowa, 340; *Ways v. Railway Co.*, 76 Iowa, 393, 396; *Honegsberger v. Railway Co.*, 33 How. 199; *McGinnis v. Bridge Co.*, 49 Mich. 466; 8 Am. & Eng. R. R. Cases, 135. The opinion of the witnesses possessing peculiar skill is admissible whenever the subject-matter so far partakes of the nature of a science as to require a course of previous habit or study to attain to a knowledge of it. *Muldowney v. Railway Co.*, 36 Iowa, 462, 472; *Hamilton v. Railway Co.* and *Way v. Railway Co.*, 40 Iowa, 341, 346, are not in point. In the case at bar, the jury had before them only the model of appellant's machine. A machinist is competent to give an opinion as an expert in relation to the construction of machinery. *Sheldon v. Booth*, 50 Iowa, 209; *Huizega v. Cutler S. L. Co.*, 51 Mich. 272; *Scattergood v. Wood*, 79 N. Y. 263; 35 Am. Rep. 515, 517; *Chicago v. Greer*, 9 Wallace, 726, 733. The apparent intelligence and capacity of plaintiff was a proper subject for opinion evidence, even though non-expert. 7 Am. & Eng. Ency. of Law, 507; *Mills v. Winter*, 94 Ind. 329; *State v. Shelton*, 64 Iowa, 333; *Conn. Mutual Life Ins. Co. v. Lathrop*, 111 U. S. 612, 620; *McKee v. Nelson*, 4 Cowen, 355; 15 Am. Dec. 384; *Nagle v. Railway Co.*, 88 Penn. St. 35; 32 Am. Rep. 413, 416. The court erred in its statement of the issues to the jury. *Tuck v. Manuf. Co.*, 67 Iowa, 576, 580; *Gamble v. Mullin*, 74 Iowa, 99; *Kellow v. Railway Co.*, 68 Iowa, 470, 476. "It is improper for a court to place, by frequent repetitions, too prominently before a jury any principle of law involved in the case." 2 Thompson on Trials, sec. 2331; *Powell v. Messer*, 18 Tex. 401; Sackett on Instructions [2 Ed.] sec. 7, p. 15; *Ludwig v. Sager*, 84 Ill. 99; *Am. B. Soc. v. Price*, 115 Ill. 628. The instructions were long, tedious, prolix and calculated to bewilder and mislead a jury. *Haney v. Caldwell*, 43 Ark. 184; *Sadler v. Sadler*, 16 Ark. 628; *Merritt v. Merritt*, 20 Ill. 65, 80; *Roe v. Taylor*, 45 Ill. 485, 491; *Mosier v. Kitchell*, 87 Ill. 19; *Loeb v. Weis*, 64 Ind. 285. In view of the facts of the case at bar, the damages are

unreasonable and excessive. As nothing but compensatory damages were claimed, he was only entitled to actual damages. *Collins v. City of Council Bluffs*, 35 Iowa, 434; *Rose v. Railway Co.*, 39 Iowa, 246. When, therefore, it is manifest that the jury have given grossly beyond the rule of compensation, it becomes imperative duty of the court to arrest the excess. *Collins v. City of Council Bluffs*, 35 Iowa, 432; *Rose v. Railway Co.*, 39 Iowa, 246, 256; *Parsons v. Railway Co.*, 6 S. W. Rep. 464.

On rehearing: *First.* The court is mistaken in regard to the facts upon which the opinion is based. *Second.* The court failed to apply the law, in regard to the assumption of risks, to the facts proven and specially found by the jury. The evidence shows that neither defendant, Samuel Atlee, nor his foreman, McMurphy, gave defendant any orders to do what he was doing at the time of his injury. The rule as to the acceptance of risks should certainly be applied to this plaintiff. The general rule was not relaxed in favor of minors in the following cases: *Curran v. Manuf. Co.*, 130 Mass. 374; s. c., 39 Am. Rep. 457; *Sullivan v. Manuf. Co.*, 113 Mass. 396; *Probert v. Phipps*, 149 Mass. 258; 21 N. E. Rep. 370; *Coffey v. Chapal*, 2 N. Y. Sup.; *Oszkoscil v. Pencil Co.*, 6 N. Y. Sup. 501; *Crowley v. Pac. Mills*, 19 N. E. Rep. (Mass.) 344. Minor servants are held to assume the obvious risks of their service. *Smith v. Irwin*, 18 Atl. Rep. (N. J.) 853; *Beckham v. Hillier*, 47 N. J. Law, 14; *Foster v. Pusey*, 14 N. E. Rep. (Del.) 545; Note to the case of *Hickey v. Taafe*, in 26 Am. Law Reg. 734, where many of the leading cases upon this subject are reviewed.

*James C. Davis*, for appellee: The claim that contributory negligence as a matter of law existed as a defense was not made in the court below, and being raised for the first time in this court cannot be considered. See authorities in McClain's Digest, sec. 145,

p. 48. The defense of contributory negligence, when applied to adults, if the facts are at all in dispute, must be submitted to the jury. *Greenleaf v. Railway Co.*, 29 Ia. 36; *Greenleaf, Adm'r, v. Railway Co.*, 33 Ia. 53; *Whitsett v. Railway Co.*, 67 Ia. 159, sec. 7. In cases where personal injuries to a minor are involved the doctrine of contributory negligence only applies so far as the age, experience and intelligence of the minor will permit it. *McMillan v. Railway Co.*, 46 Ia. 233; *Benton v. Railway Co.*, 55 Ia. 501; *Baker v. Railway Co.*, 35 N. W. Rep. 838; *Kunz v. City of Troy*, 10 N. E. Rep. 445; *Walters v. Railway Co.*, 41 Ia. 75; *Mackey v. City of Vicksburg*, 2 S. R. 179; *Cassida v. Railway Co.*, 13 Pac. Rep. 441; *Muchlhausen v. Railway Co.*, 2 S. W. Rep. 315; *Huff v. Ames*, 19 N. W. Rep. 623. There was no error in excusing Richard Pritchett as a juror for cause. Code, sec. 2772, subdiv. 9; *City of Albia v. O'Hara*, 64 Ia. 298; *Wisehurt v. Diez*, 67 Ia. 122. The refusal of the courts to permit Carter, a witness for defendant, to testify whether the defendant's machine was any more dangerous than the other kinds of guides was not erroneous. *Muldowney v. Railway Co.*, 36 Ia. 472; *Hamilton v. Railway Co.*, 36 Ia. 36; *Way v. Railway Co.*, 40 Ia. 346; *Barnes v. Newton*, 46 Ia. 569, sec. 3; *Spears v. Mt. Ayr*, 66 Ia. 724. An inquiry as to whether or not a witness is, according to the opinion of another witness, of "average" intelligence, or what he appeared to understand, is of too uncertain a character to be the subject of judicial inquiry. *Brown v. Railway Co.*, 69 Ia. 453, sec. 1, and cases cited. This court said in *Wilson v. McAdams*, 10 Ia. 590: "A party cannot, on the trial of a cause in the district court, consent to the exclusion of certain evidence and afterward predicate an exception and assignment of error on the order excluding it." See, also: *Parsons v. Hedges*, 15 Ia. 119; *Burns v. Oliphant*, 43 N. W. Rep. 289. In *Fuhs v. Oswiller*, 59 Ia. 432, it was held not to be error to omit from the instructions a special reference to an "amended" petition. *Gunsal v. McDonnel*, 67 Ia. 523. The instructions

given are identical or substantially the same as instructions asked by defendants, and defendants cannot assign the giving of them as error. *Smith v. Railway Co.*, 38 Ia. 174. The master permitted the boy to work in and about dangerous machinery for about three months without any warning or instructions of any kind whatever as to the dangers to be avoided. Under the unanimous decisions of the courts under such circumstances, a master cannot escape liability. Cooley on Torts, p. 553; Thompson on Negligence, p. 978; *Hill v. Gust*, 55 Ind. 48; *Coombs v. Cordage Co.*, 102 Mass. 573; *Dowling v. Gerard B. Allen Co.*, 74 Mo. 17; *Atkins v. Thread Co.*, 8 N. E. Rep. 241; *Louisville & Nashville Ry. Co. v. Fraley*, 9 N. E. Rep. 596; *Glover v. Manuf. Co.*, 18 N. E. Rep. 597; *Cleveland Rolling Mill Co. v. Corrigan*, 20 N. E. Rep. 466; *Nadan v. Lumber Co.*, 43 N. W. Rep. (Wis.) 1135. The master is liable for the tortious acts of his foreman, acting under authority. *Railway Co. v. Fort*, 17 Wall. 558; *Dowling v. Gerard B. Allen & Co.*, 74 Mo. 18; *Robertson v. Cornelson*, 34 Fed. Rep. 717; Cooley on Torts, p. 563; *Jones v. Cotton Mills*, 82 Va. 140; *Brazil Black Coal Co. v. Gaffery*, 22 N, E. Rep.; *Benging v. Steinway*, 5 N. E. Rep. 449; *Moore v. Railway Co.*, 85 Mo. 593; *Clum v. Railway Co.*, 21 Mo. App. 218; *Sioux City & P. Ry. Co. v. Smith*, 36 N. W. Rep. 287; *C. & N. Ry. Co. v. Bayfield*, 37 Mich. 210; *Jones v. Mining Co.*, 28 N. W. Rep. 207; *Cook v. Railway Co.*, 24 N. W. Rep. 311. The damages are not excessive. In *Collins v. Council Bluffs*, 32 Ia. 331, this court sustained a verdict of fifteen thousand dollars for injury to hip. In *Depp v. Railway Co.*, 38 Ia. 597, a verdict for nine thousand dollars was sustained when the injury was to the thigh. In *Rice v. City of Des Moines*, 40 Ia. 639, a verdict for seventy-five hundred dollars was sustained when the injury was stiffness to the ankle joint. In *Finston v. Railway Co.*, 61 Ia. 463, when a bone in the leg of a man, fifty-two years old, was broken, resulting in a slight shortening of the limb, a verdict for eight thousand dollars was sustained.

*Marion v. Railway Co.*, 64 Ia. 576.    In *Knapp v. Railway Co.*, 71 Ia. 41, when the injury was only a partial disability of the right arm, a verdict for ninety-five hundred dollars was sustained.    In *Salem v. Railway Co.*, 13 Nev. 106, a verdict for fifteen thousand dollars for loss of arm and broken ribs was sustained.    In *Berger v. Railway Co.*, 50 Wis. 419, a verdict of eleven thousand dollars was sustained for loss of leg. In *Ketchum v. Railway Co.*, 38 La. Ann. 777, where a boy eleven years of age lost an arm, eleven thousand dollars was held not to be an excessive verdict.    In *Galveston City Ry. Co. v. Hewett*, 3 S. W. Rep. 705, a verdict for seventy-five hundred dollars for personal injuries to an infant nineteen months old was sustained.    In *Union Pac. Ry. Co. v. Lung*, 19 Kan. 488, for loss of hand at wrist, a verdict of ten thousand dollars was sustained.    See also : *Robinson v. Railway Co.*, 48 Cal. 104 ; *Galveston Ry. Co. v. Porfert*, 10 S. W. Rep. 207 ; *Louisville & W. Ry. Co. v. Thompson*, 1 S. W. Rep. 840 ; *Gulf, C. & S. Ry. Co. v. Dorsey*, 66 Tex. 149 ; *Harrold v. Railway Co.*, 13 Daly, 378 ; *Graves v. Rochester*, 39 Hun ( N. Y.) 5.

ROBINSON, J.—The defendants are copartners, under the firm-name of S. & J. C. Atlee ; and at the time the injury in question was received they were engaged in operating a sawmill and lumber-yard at Fort Madison, employing in that business over two hundred men and boys.    The plaintiff, Don D. Sprague, was thirteen years old on the twenty-second day of March, 1888 ; and, in the month of June of that year, he was employed by defendants to assist one Van Buskirk in running a saw. He continued in that employment until the eighth day of September, 1888, when he received an injury from the saw, which resulted in the amputation of his right hand at the wrist.    The plaintiff claims that he was employed for the sole purpose of taking laths, pickets and binders from the machine after they were sawed, and assorting and piling them, and that such employment was without danger ; that, at the time he was injured, he was

negligently ordered by defendants to run the saw ; that
it wsa dangerous ; that plaintiff was without experience
in running such machinery, and knew nothing about
the danger incurred in running it ; that the running of
it was outside the scope of his employment; that the
machinery was dangerous and defective in that the
gauge to the saw had no safeguard to prevent injuries
when it was changed and regulated ; that the saw was
unprotected ; that defendants knew that plaintiff was
not acquainted with the dangerous character of the
machine, and that they negligently and wilfully failed
to inform him how to use it, and of the dangers con-
nected with its use.　The defendants deny all liability
on their part ; deny that the machinery was defective ;
and deny that it was any more dangerous than any other
machinery used for a similar purpose.　They claim that,
for many weeks prior to receiving the injury, plaintiff
was familiar with the use and operation of the machine,
and knew of all dangers connected therewith, and.
worked with it without objection, and of his own free
will.

I. The appellants complain of the ruling of the court
in sustaining an objection to William Pritchett as a
juror.　He was a member of the regular
panel, and, while being examined as to his
qualifications to act as a juror, stated that
he had heard Mr. Atlee make a statement in regard to the
merits of the controversy, and had formed an opinion,
and that evidence would be required to change it ; but
he stated that he thought it would not influence him
against a just verdict on the evidence.　The objection to
the juror was made on the grounds of challenge speci-
fied in subdivision 9 of section 2772 of the Code, which
is as follows: "9.　When it appears the juror has
formed or expressed an unqualified opinion on the merits
of the controversy, or shows such a state of mind as will
preclude him from rendering a just verdict."

Upon the trial of challenges in civil as well as in
criminal cases, other evidence than the testimony of the
person challenged may be heard, and the court is

1. MASTER and
servant : jury:
challenge for
cause.

required to determine both the law and the fact involved in the challenge. Code, secs. 2773, 2774. It was the duty of the court to determine whether the opinion formed was an unqualified one on the merits of the controversy, or whether the state of mind of the juror appeared to be such as would preclude him from rendering a just verdict. The superior court was enabled to reach a conclusion as to his qualifications, not alone from the answers he gave, but from his appearance and general demeanor. While we should not have concluded that the ruling was wrong had the challenge been overruled, yet we cannot say that the juror was improperly rejected. Much of what was said in regard to challenges of jurors in *State v. Munchrath*, 43 N. W. Rep. 211, is applicable to the question under consideration.

II. The saw at which plaintiff was employed was set in a table about thirty-eight inches square, which was attached to a movable frame resting upon slides. On the table, at the right of the operator who controlled the saw, was a movable strip or bar of wood, used as a guide or gauge. Marks on the table parallel to and at different distances from the saw indicated the places at which the gauge should be set to saw laths, pickets and binders. It was usual in changing the gauge for the operator to move the end nearest to him to the proper mark with one hand, and adjust the further end by striking it with his other hand. The saw was partially covered by a small hood, which served in part to protect the hands of the operator from the saw. The saws commonly used did not have a diameter exceeding eleven or twelve inches ; but, on the day preceding the accident, the plaintiff had been furnished a saw having a diameter of seventeen and one-half inches. An employe named Van Buskirk usually fed the saw, and it was the duty of plaintiff to take the material from the table as sawed ; but he frequently fed the saw, and was so engaged, in the absence of Van Buskirk, on the day he was injured. He had been sawing binders, but, desiring to saw laths,

2. —— : negligence of coemploye : ratification : personal injury: contributory negligence.

he proceeded to move the gauge towards the saw, while it was in motion, in the manner described. The hood did not cover the part of the saw furthest from him; and, in striking the gauge next to that part of the saw, his right hand was caught by the saw, and injured in such a manner as to cause its amputation. It appears that the saw could have been put out of gear and stopped by moving the saw table a few inches on the slides, but that was not done. Appellants contend that plaintiff was familiar with the use of the saw, and knew all the dangers attending it; that he should not have attempted to set the gauge without first stopping the saw, and that he had been so instructed; that in feeding the saw he was out of the place for which he was employed; that he fed the saw voluntarily, without proper authority, and was negligent in attempting to set the gauge while the saw was in motion.

There is much conflict in the evidence as to most of these matters, but some of the evidence tends to show, and the jury were authorized to find, substantially as follows: The plaintiff was employed to assist Van Buskirk in running the saw. His duties required him to stand back of the saw, and take care of the material as sawed. He frequently changed work with Van Buskirk, and fed the saw. Occasionally he changed the gauge, but not often, as that was done by Van Buskirk, when he was present. Plaintiff received no instructions as to the proper manner of operating the saw and changing the gauge, excepting what he learned from Van Buskirk. He had not sufficient strength to move the table on the slides, and thus put the saw out of gear; and he was not large enough to see that part of the saw back of the hood when he was setting the gauge. He had been instructed by Van Buskirk to set the gauge without stopping the saw in the manner he adopted when injured. The foreman of the mill was Joseph Atlee. He sometimes employed hands, and had authority to change them from one kind of work to another. On the morning of the injury, one McMurphy was acting as foreman in the absence of Atlee. He sent Van Buskirk outside

the mill to work with a cart, and directed plaintiff to take charge of the saw, and sent an assistant to fill the place he usually occupied. He worked for a time, sawing laths, then set the gauge for binders, and sawed them for half an hour. He had been asked by McMurphy to saw pickets, but had said he could not. While sawing binders, one of the defendants went to him, and asked him why he did not saw pickets. Plaintiff told him he did not have time. The defendant in question, Sam Atlee, then told him to take the material for the pickets over to another employe, who was sawing pickets, which he did. Appellants insist that the plaintiff violated the orders given him by both McMurphy and Sam Atlee to saw pickets, and that, if he had obeyed such orders, there would have been no occasion to set the gauge so near the saw as to endanger his hand. But the evidence tends to show that, after plaintiff told Sam Atlee that he could not saw the pickets, his orders were changed, and he obeyed them. It thus appears that plaintiff was running the saw by authority of the foreman duly given, and that he was seen by one of the defendants while so engaged; that said defendant, in effect, ratified the orders of the foreman in directing him to run the saw; that plaintiff was injured while changing the gauge in the method he had been instructed to follow, and the only one which his size and strength permitted him to use.

III.   Testimony was offered in regard to the machine with which plaintiff was injured, and a model of it was used on the trial. It was shown that, while such machines were used, their use was not general. Other gauges were more commonly used. One of them was in the form of three leaves on hinges, which could be turned backward and forward as needed to saw laths, pickets and binders, and, in setting the gauge, the hands of the operator were not nearer the saw than the outer edge of the table. Another was set by means of a screw; and in using that it was not necessary for the hand of the operator to be near the saw. Another was set by means

3. ——: defective machinery: evidence.

of a wheel, and others by other appliances; but in none of them was it necessary for the operator to have his hands near the saw while setting the gauge. After evidence of that character had been given, the defendants offered the testimony of an expert to the effect that the gauge used by them was as safe as any of the other gauges then in use ; but, on the objection of plaintiff, . the offered testimony was excluded. The model of defendants' machine was before the jury, and the different methods of using it had been fully explained. The purpose of the testimony was to show that the danger to the hands of the operator in setting the gauge of defendants was no greater than it was in setting other gauges then in use. Other dangers were not in question. With the model before them, and the fact shown that in using other gauges the hands of the operator were not brought near the saw, the jury were competent to determine the fact which the offered testimony was designed to disclose ; and there was no error in rejecting it. *Way v. Illinois Cent. Ry. Co.*, 40 Iowa, 341 ; *Muldowney v. Illinois Cent. Ry. Co.*, 36 Iowa, 462 ; *Hamilton v. Des Moines Valley Ry. Co.*, 36 Iowa, 31. See, also, *Nadau v. White River Lumber Co.*, 43 N. W. Rep. 1135.

IV. McMurphy was examined as a witness for defendants. After testifying in regard to the directions 4. THE same. he gave plaintiff on the morning of the injury, he was asked this question: "State how he appeared to you; whether a boy of average intelligence, or one of more than average intelligence, for one of his years." The question having been objected to by plaintiff, the defendants stated that they proposed to prove that plaintiff was a bright boy, of more than ordinary intelligence, and that he appeared to understand more about mill machinery than other boys many years his senior in age. The objection was sustained. Plaintiff had been examined and cross-examined in the presence of the jury, and they were as well qualified to form an opinion as to his intelligence as was the witness. The material question was not,

"What did he appear to understand?" but, "What was his capacity in fact?" We are of the opinion that the objection was properly sustained.

V. Complaint is made of the ruling of the court in excluding an answer made by the witness Joseph Atlee to the effect that the gauge in question was "a common standard guide." The witness had previously given the same answer, and it was permitted to remain in the record. If there was error, it is evident that it was without prejudice.

5. The same.

VI. A portion of the defense pleaded by defendants was set out in an amendment to their answer. In its formal statement of the issues, the superior court failed to refer to that portion of the defense set out in the amendment. Under ordinary circumstances, that would have constituted reversible error; but it appears that in this case the statement as made was submitted to the attorneys for defendants before it was given and approved by them. The amendment in question was filed on the third day of the trial, and the appellants insist that the statement may have been submitted, as aforesaid, before the amendment was filed. It is not usual for the court to prepare its charge at the beginning of the trial; and we cannot presume that it was prepared in this case before the issues were settled. Having approved the statement of the issues made to the jury, the defendants cannot now be heard to question it. Moreover the court, in fact, instructed the jury quite fully in various paragraphs of its charge in regard to the matters set out in the amendment, and appellants could not have been prejudiced by the omission of which they complain.

6. The same.

VII. Appellants complain of the charge to the jury, and of certain instructions given at the request of plaintiff, for the reasons that they are lengthy, and make frequent reference to the age, intelligence, experience and judgment of plaintiff, and use a number of times such terms as "minority," "youth" and "inexperience." The issues

7. ——: instructions to jury.

and facts disclosed by the evidence were so numerous and of such a nature as to require a longer charge than would be deemed necessary in most cases. The one given might perhaps have been shortened without disadvantage; but there is nothing to indicate that defendants were in any manner prejudiced by its length, and the references and terms objected to seem to have been used properly, and without too much repetition. The charge seems to have been prepared with much care, and, in the matters to which our attention has been called, submitted the case to the jury fairly, and as fully as was necessary.

VIII. The sufficiency of the evidence to sustain the verdict of the jury is discussed by counsel for appellant at great length, and in connection with different questions presented by the record. It is not necessary to mention each point discussed, nor to review the evidence more fully than we have already done. It was for the jury to determine from the evidence submitted whether the machine at which plaintiff was employed was dangerous; whether plaintiff was properly instructed in regard to using it, and was fully apprised of the danger involved in its use; whether he used due care, in view of his age, capacity and experience, in operating the machine; and whether defendants were negligent in not instructing him properly in regard to it in ordering him to do the work at which he was engaged when injured, and in not providing a safer machine. It is sufficient for us to say that we are of the opinion that the findings and verdict of the jury are sustained by the evidence. See *Nadau v. White River Lumber Co.,* 43 N. W. Rep. 1135.

IX. The amount of the verdict was seventy-five hundred dollars, and judgment was rendered therefor. Appellants insist that it is excessive. The amount seems large, when the wages paid for labor in mills of the kind in which plaintiff was engaged at the time of the accident are considered, but his expectation of life was then about forty-six years. The loss of his hand will necessarily

8. ——: negligence : damages.

close to him many kinds of lucrative employment. In view of these facts and others which the record suggests, we cannot say that the amount allowed is excessive. The judgment of the superior court is AFFIRMED.