113 126
s115 359
113 126
116 88
117 459
113 126
118 400
113 126
120 642
120 646
120 649
120 650
120 651
120 652
122 464
122 498
e122 494
113 126
f125 657
113 126
127 619
113 126
129 251
113 126
135 413
113 126
f138 567
113 126
e139 696
113 126
143 433

JAMES BELL, Administrator, v. INCORPORATED TOWN OF CLARION, Appellant.

**Contributory Negligence:** JURY QUESTION. Crossing a street in a diagonal direction, at a place other than the regular crossing, and stepping on a sidewalk at a place not a crossing, is not, per se, negligence defeating a recovery for injury resulting from a defect in the sidewalk at that place.

**BURDEN OF PROOF ON:** *Instructions.* An instruction that the law presumes, until the contrary is shown, that a person injured, prompted by a natural instinct to avoid danger, exercised care, which presumption will prevail unless overcome by evidence that he was negligent, is erroneous, as throwing the burden on defendant to show contributory negligence.

*Appeal from Wright District Court.*—HON. D. R. HIND- MAN, Judge.

THURSDAY, JANUARY 24, 1901.

THIS action was commenced by Eliza Bell, now deceased; and the present plaintiff, her husband, has been substituted in her stead. It is for personal injuries sustained by the original plaintiff, and the claim in her behalf is that such injuries were received by reason of a defective sidewalk. Her subsequent death is claimed to have been the result of the injuries so received. There was a verdivt for plaintiff, and from the judgment thereon the defendant appeals.—*Reversed.*

*Nagle & Nagle* for appellant.

*W. D. Evans* and *Peterson & Humphrey* for appellee.

McCLAIN, J.—The walk in question was constructed of three stringers, across which inch boards were nailed; the ends projecting beyond the outside stringers. Deceased had crossed the street at a point other than the street cross-

ing, and in her attempt to get upon the walk she seems to
have stepped on the end of one of the boards, which flew up
and struck her in the face, inflicting the injuries complained
of. The husband of deceased was with her at the time, but
was walking ahead of her, and did not see the accident; but,
on hearing the rattle of the board and an exclamation from
his wife, he looked back, and saw her with her hand to her
face, the board lying in front of her, wrong side up, and her
face bleeding. No other witness was present at the time
of the accident. The court instructed the jury with refer-
ence to the necessity of proving want of contributory negli-
gence on the part of the deceased in connection with the ac-
cident, and, although these instructions are complained of,
we do not find in them any material error. But the court
said further to the jury: "(2) You are instructed
that it is a recognized rule of human conduct that
persons in their sober senses naturally and in-
stinctively seek to avoid danger. The law, therefore,
presumes, until the contrary appears, that the de-
ceased, prompted by this natural instinct, did exercise care
in approaching and stepping upon the sidewalk in question,
where the injury occurred. But such presumption would
be overcome by evidence that satisfied the minds of the jury
that she was negligent." The rule that an ordinary person,
prompted by natural instincts, will use reasonable care to
avoid injury, has long been recognized in this state, in con-
nection with the rule that in an action for personal injuries
plaintiff must show the exercise of reasonable care on his
part, or, as it is usually expressed, the absence of contribu-
tory negligence. In *Greenleaf v. Railroad Co.*, 29 Iowa,
14, it is said that it is "incumbent on plaintiff to show by di-
rect testimony, or by presumptions arising from facts and
circumstances, that the deceased was not negligent in con-
nection with the injury," and that it is always competent
for the jury "to give due weight to those instincts which
naturally lead men to avoid injury and preserve their lives,"

and therefore that "these instincts, motives, and feelings may properly constitute evidence for the consideration of the jury." In *Way v. Railroad Co.,* 40 Iowa, 341, the jury were instructed that "plaintiff is not required to produce direct and positive testimony showing just what the deceased was doing at the instant that he received the injury causing his death, that the law requires only the highest proof of which the particular case is susceptible, and that the jury might take into consideration, in weighing the evidence, the hazardous nature of the work in which brakemen are employed, and give due weight to the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives." And the court, approving this statement of the law, says: "It is objected that this shifts upon defendant the burden of proving the contributory negligence of the deceased. We do not think the instruction vulnerable to this objection. The instincts prompting to the preservation of life are thrown into the scale as evidence, like the presumptions of sanity and innocence. But when the whole evidence is considered, these instincts included, the plaintiff cannot recover unless the preponderance of the evidence is in his favor." In *Dunlavy v. Railroad Co.,* 66 Iowa, 435, there was an instruction that "the jury may take into consideration, in weighing the evidence, the hazardous nature of the work in which the brakeman was employed, and give due weight to the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives." This instruction was held to be erroneous, the court saying: "The instinct of self-preservation, planted in all persons, may in a proper case, be allowed some weight as raising an inference of care. *Way v. Railway Co.,* 40 Iowa, 345. But, where the party who has the burden of proving care can show by direct evidence what care was exercised, he should, we think, show it by such evidence; and if the direct evidence shows care, or a want of it, there is no room for a mere inference. The

plaintiff was able to show by direct evidence what care he ex-
ercised.   The case is different from *Way v. Railway Co.,*
above cited."   In *Whitsett v. Railroad Co.,* 67 Iowa, 150,
the court approves the last case, and distinguishes it from
the *Way Case* by pointing out that in the latter death had
resulted from the injury, and it was material to determine
just what deceased was doing at the instant of injury, and
that there was no direct testimony from which that fact
could be determined.   The court says:  "But, when the
facts of the transaction are proven by direct testimony, the
question whether the party acted negligently or with care
is to be determined from these facts.   Plaintiff testified
that he, in the night-time, and when the train was in mo-
tion, jumped or stepped from the top of the box car into a
narrow space between the end of the tool chest and the side
of the tender, and the question was whether this was a neg-
ligent or careful act.   It is manifest that the consideration
that men do not ordinarily expose themselves to dangers
or death can have no weight in determining that question."
In *Reynolds v. City of Keokuk,* 72 Iowa, 371, the jury
were instructed that "the natural instinct which leads all
rational persons to avoid injury to their persons as far as
possible is an element of evidence proper for the considera-
tion of the jury, with all the outstanding circumstances in-
troduced as evidence on the question whether the plaintiff
was or was not, at the time of her injury exercising ordi-
nary care and prudence."   And the court held this instruc-
tion to have been erroneous in that case, as it appeared that
the injured person was a witness in her own behalf, saying
that "where the person injured is living, and does or can
testify to the facts and circumstances, and in what manner
the injury was received, then there is no reason why the
inference arising from the instinct of self-preservation
should be indulged."   In *Hopkinson v. Knapp & Spauld-
ing Co.,* 92 Iowa, 328, the court says that "direct and posi-

tive evidence that the injured person, who is deceased, did not by his own negligence contribute to the injury, is not required," and "where such evidence cannot be obtained it is proper for the jury to consider the instincts of men, which naturally lead them to avoid danger as evidence of due care on the part of the person injured." In *Baker v. Railroad Co.,* 95 Iowa, 163, the court holds that the inference which might otherwise have been drawn from the instinct of self-preservation was overcome by the evidence indicating that if deceased had been exercising due care he would not have been injured; the accident having resulted while he was walking along the track. In *Spaulding v. Railroad Co.,* 98 Iowa, 205, it is held that the jury might in an action for injuries causing death, for the purpose of determining whether deceased was negligent, "give due weight to the instincts and presumptions which naturally lead men to avoid injury and preserve their own lives," and that "it is sufficient, if it be the reasonable inference from the facts proven, that the decedent at the time of the accident was in the line of his duty, and exercising proper care." In *Salyers v. Monroe,* 104 Iowa, 74, which was an action to recover for injuries received by plaintiff, the jury were instructed to consider the natural instinct of man to guard himself against danger and preserve himself from injury, in determining whether plaintiff was guilty of contributory negligence. And the court said: "It is settled that such an instruction may be given where the care exercised by a person at the time of an accident which caused his death is in question, and direct evidence as to such care used cannot be had. But when there is such evidence the instinct of self-preservation cannot be given any weight."

These extracts from the leading cases in this state in which this question has been considered, are sufficient to indicate that it has been fully settled, that in the absence of any direct evidence whatever, the instinct of self-preservation may be considered, and will constitute a sufficient basis for

the inference of want of contributory negligence, but that, where there is direct evidence as to whether or not the injured party was negligent, then the inference is entitled to but little, if any, weight. We suppose that the idea involved in the latter proposition is that the direct evidence as to what took place is of higher character than the mere inference to be drawn from the instinct of self-preservation; and surely it must be conceded that in such a case the inference is entitled to but small consideration, if any. But the instruction given by the court in the case we are now considering was to the effect that in view of the instinct of self-preservation a presumption arises that the injured person was careful, which presumption will prevail unless overcome by evidence satisfying the jury that the injured person was negligent. This statement of the law, if it were correct, would entirely revolutionize the doctrine, well established in this state, that the plaintiff has the burden of proving freedom from contributory negligence. If a presumption of due care is to be entertained, then the burden of proof would in practically every case be upon the defendant to show that the plaintiff was negligent. The mere statement of this proposition is sufficient to show that it is erroneous. The court was, no doubt, misled by the ambiguous use of the term "presumption" which is found in some of the cases. Frequently that word is used as indicating merely an inference which may be drawn from certain facts, and where it has been used in the previous decisions of this court in this connection it must be so interpreted. See, for instance, the language of the *Baker Case,* above, where previous cases are cited as holding that from the conduct of the injured person, who was engaged in the line of his employment, "aided by a presumption that arises from a natural disposition to avoid injury, the fact of diligence could well be found." But in that case it was held that the evidence of the circumstances overcame the inference based on the instinct of self-preservation. So, in the case of *Dalton v.*

*Railway Co.,* 104 Iowa, 26, which was an action for injuries resulting in the death of the person injured, who was struck by a train while crossing defendant's track, it was said that: "It is a recognized rule of human conduct that persons in their sober senses naturally and instinctively seek to avoid danger. Therefore it must be presumed, until the contrary appears, that the deceased, prompted by this natural instinct, did exercise care in approaching and going upon the crossing," and that "whether the circumstances are such as to overcome the presumption that deceased, prompted by the instinct of self-preservation, did exercise the care required of him, was a question for the jury." It is evident that what is meant here is simply that the inference to be drawn from the instinct of self-preservation was entitled to some weight in connection with the inference to be drawn from the circumstances under which the accident occurred, and that the weight of the whole evidence was a matter for the jury. So, in *Crawford v. Railway Co.,* 109 Iowa, 433, it is remarked that, as the person injured lost his life in the collision complained of, the presumption that he exercised due care must prevail; and it is said, "That such a presumption is proper and must be given weight is conceded, but it cannot prevail against evidence which shows that he could not have exercised due care." The use of the word "presumption" as a substitute for "inference" is also illustrated by the cases of *Cameron v. Railway Co.,* 8 N. D. 124 (77 N. W. Rep., 1016), and *Adams v. Iron Cliffs Co.,* 78 Mich. 271 (44 N. W. Rep., 270.), upon which appellee relies. In the present case the inference to be drawn from the instinct of self-preservation could properly be considered by the jury, and we would not, therefore, be justified in sustaining the contention of defendant that there was no evidence of want of contributory negligence on the part of deceased. *Burns v. Railroad Co.,* 69 Iowa, 450. But that is a very different thing from saying to the jury that a presumption arises therefrom, requiring evidence to the satisfaction of the jury to overcome it.

Appellant contends that the act of the deceased in not following the regular street crossing and sidewalk, but, instead, crossing the street in a diagonal direction, and stepping upon the sidewalk at the place of injury, which was not at a street crossing, was in itself such negligence as to defeat plaintiff's recovery; but we do not concur in this view. Certainly it is not negligence to pass from the sidewalk to the street, or from the street to the sidewalk, at a place other than that where there is a street crossing. Whether such act is negligent in a particular case must depend upon the circumstances, and must be a question for the jury.

Without discussing the evidence with a view to determining whether there is any evidence on which a verdict for plaintiff can properly be sustained, which would be improper, in view of a new trial, the case is, for the error above pointed out, REVERSED.